J-S36015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA DAVID OTEY | : | |
| | : | |
| Appellant | : | No. 537 WDA 2025 |

Appeal from the PCRA Order Entered April 14, 2025
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0000914-2020

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED:  December 23, 2025**

Joshua David Otey appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in which Otey raised numerous claims of ineffective assistance of plea counsel related to his entry of an open guilty plea. For the reasons discussed below, we find the PCRA court properly denied Otey relief and affirm.

On July 29, 2020, Otey was charged by criminal information with Count 1: statutory sexual assault, 18 Pa.C.S.A. § 3122.1(b), Count 2: involuntary deviate sexual intercourse ("IDSI"), 18 Pa.C.S.A. § 3123(a)(7), Count 3: aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(8), Count 4: corruption of minors, 18 Pa.C.S.A. § 6301(a)(ii), Count 5: endangering welfare of

_____

[*] Retired Senior Judge assigned to the Superior Court.

children, 18 Pa.C.S.A. § 4304(a)(1), and Count 6: indent assault of a person less than 16 years of age, 18 Pa.C.S.A. § 3126(a)(8). These charges stemmed from allegations that Otey, who was 38 years old at the relevant time, had a sexual relationship with a 15-year-old-female minor for over a year.

In October 2020, previously appointed counsel was granted leave to withdraw from representation after newly hired private counsel entered his appearance on Otey's behalf ("plea counsel"). Over the next year, plea counsel requested and obtained numerous continuances, initially in order to review discovery, and later seeking additional time to negotiate or review plea offers.

On April 20, 2022, the parties appeared for a plea hearing. At the start of the hearing, the court noted that plea counsel had indicated he was going to go to the correctional facility to have Otey fill out paperwork to enter an open plea. *See* N.T., Open Plea Proceeding, 4/20/22, at 2. The Commonwealth noted that they had originally agreed to 4 to 8 years' imprisonment for the IDSI charge, but that after speaking with the victim's family, they were in agreement to an open plea to Count 2: IDSI, and Count 3: aggravated indecent assault. *See id.* at 2-3. Plea counsel agreed that was the offer he was going to take over to Otey. *See id.* at 3. The court indicated to Otey, who participated in the hearing by video, that his counsel was going to come to him to discuss the plea and have him fill out the paperwork and then bring the paperwork back to the court. *See id.* The court clarified with the victim's family that they wanted to accept the plea instead of going to trial. *See id.* at

- 2 -

6-7. The victim's mom affirmed she was okay with the open plea. *See id.* at 7, 11. There was a pause in the record for plea counsel to go meet with Otey to discuss the open plea and have him fill out the paperwork. *See id.* at 12.

Upon returning to the record, Otey was sworn in. *See id.* at 13. The Commonwealth explained that Otey would be entering an open plea to the above two counts, and all remaining counts would be withdrawn. *See id.* Otey affirmed he heard the agreement as explained by the Commonwealth, and stated he did not have any questions about the agreement, as he "asked [plea counsel] while he was with me." *Id.* at 14. The court performed an oral colloquy, in which Otey affirmed he read every word of the written plea colloquy, he initialed and signed it, and he did not have any questions about the document. *See id.* at 15. Otey affirmed no one had threatened him in any way to enter the agreement and no one had promised him anything to enter the agreement. *See id.* at 16. Otey affirmed that after communicating with plea counsel, he was independently and voluntarily entering the plea. *See id.* Finally, Otey affirmed he understood that the court would be ordering a pre-sentence investigation report ("PSI"), and based on that report, the court was going to use its discretion to issue a sentence for the crimes he was entering a plea to. *See id.*

Plea counsel indicated that Otey had maybe paused/hesitated when he was asked if there were any promises made to him because he was likely thinking about the fact that plea counsel had explained to him that the

agreement was that Counts 1, 4, 5, and 6 were being withdrawn and that he would only enter a plea to Counts 2 and 3, with no agreement as to sentence. *See id.* at 17. The court thereafter clarified to Otey that "a promise is something outside of what you're agreeing to today," and asked if anyone had promised him anything outside of the agreement. *Id.* Otey unequivocally affirmed they had not. *See id.* After notifying Otey of the time frame in which to contest his plea, the court found Otey "has been properly colloqued through oral and written colloquy and is accepting this open plea knowingly, intelligently, and voluntarily." *Id.* at 18-19. Sentencing was deferred for preparation of a PSI.

On September 9, 2022, the parties appeared for sentencing. The court noted that based on the PSI, the recommended sentencing ranges were 48 to 66 months' incarceration, plus or minus 12 months for aggravated and mitigated range sentences, for IDSI, and 22 to 36 months' incarceration, plus or minus 12, for aggravated indecent assault. *See* N.T., Sentencing Hearing, 9/9/22, at 8. The Commonwealth presented testimony from the victim, as well as her mother and aunt, who had all previously presented victim impact statements in the PSI. *See id.* at 9-16. The victim's grandmother had also provided a victim impact statement in the PSI, but chose not to speak at the hearing. *See id.* at 16.

Otey's niece then provided a statement on Otey's behalf, and also provided statements on behalf of Otey's sister, daughter, and mother, all

speaking to Otey's character and their belief that he had learned from his mistakes. *See id.* at 16-28. Following Otey's allocution, and argument from counsel for both sides, the court sentenced Otey to 4 to 8 years' incarceration, in the aggravated range, for aggravated indecent assault, and to 8 ½ to 17 years' incarceration, outside the sentencing guidelines, for IDSI. The sentences were set to be served consecutive to each other, for an aggregate term of 12½ to 25 years' incarceration, with credit for time served. *See id.* at 39-40. The court informed Otey of his post-sentence and appellate rights. *See id.* at 41-42. No post-sentence motions were filed.

Otey filed a timely direct appeal, through newly retained counsel ("appellate counsel"), asserting numerous issues regarding the sentence imposed, including the court's failure to place in the sentencing order or otherwise on the record, its reasons for deviating above the aggravated range of the sentencing guidelines. At the trial court's request, this Court vacated the original judgment of sentence and remanded the case for resentencing. *See* Order, 11/10/22.

On January 31, 2023, the court held a resentencing hearing. Appellate counsel requested a standard range sentence, while the Commonwealth indicated it believed the original sentence imposed was appropriate. *See* N.T., Resentencing Hearing, 1/31/23, at 5-6. The court indicated it was not going to alter the original sentence, and was going to keep the sentence as is, but would incorporate a statement for the deviation from the sentencing

guidelines, pursuant to 42 Pa.C.S.A. § 9721(b). ***See id.*** at 7-8. The court informed Otey on the record of his post-sentence and appellate rights. ***See id.*** at 8-9.

Following the hearing, the court filed a written statement of reasons why the court deviated upwards from the sentencing guidelines. The court filed a new sentencing order on February 3, 2023, which mirrored the sentence originally imposed. No post-sentence motions were filed.

On direct appeal, this Court affirmed the judgment of sentence, finding Otey had waived his challenges to the discretionary aspects of his sentence as he did not object at the sentencing hearing, or file any post-sentence motion, and finding no error based on Otey's contention that the court had failed to place its reasons for deviating from the guidelines, as the court had provided such a statement. ***See Commonwealth v. Otey***, 218 WDA 2023 (Pa. Super. filed Dec. 8, 2023) (unpublished memorandum).

On July 3, 2024, Otey filed the instant timely PCRA petition, in which he raised numerous claims of ineffective assistance of plea counsel. On December 13, 2024, a PCRA evidentiary hearing was held. Appellate counsel informed the court that, while he subpoenaed plea counsel, he ended up not calling plea counsel to testify, as he did not find his testimony was needed, and that only Otey would be testifying. ***See*** N.T., PCRA Hearing, 12/13/24, at 3-4.

Otey testified his plea counsel only visited him "maybe twice" over a period of 2 years, and that they never met in a private area. ***See id.*** at 9.

Otey claimed he asked plea counsel to meet on several occasions, but "he didn't have the time to." *Id.* at 10. Otey stated plea counsel only discussed plea offers with him and never discussed the discovery packet or any legal defenses with him. *See id.*

> Regarding the guilty plea, Otey stated the following:
>
> I guess I think it was April 20th, the day of my plea hearing where I accepted a 4 to 8. And then 20 minutes later [plea counsel] told me it was changed to 6 to 12 and said that I can go into an open plea so I can do a [PSI] and have character witness statements written on my behalf to possibly get the sentence lower, back to 4 to 8, and told me that it would not go above 6 to 12.
>
> …
>
> As I said a few minutes ago, I was read the colloquy by [the trial court]. And every party agreed on the 4 to 8. I was waiting for [plea counsel] to come over to the courthouse for me to sign my paperwork …
>
> And 20 minutes later, I was told to go back on to the computer there over at the jail. And he had everybody clear the room. And that's when he told me he was stopped in the lobby by the DA that was there that day. And he said that he was stopped and said that my current wife wanted more time, so he changed it to a 6 to 12 by bringing back one of the previously dropped charges.

*Id.* at 12-14. Otey explained this occurred on his plea court date, and that he was confused about the extension of the plea offer because he believed he had already agreed to the original offer of 4 to 8 years' incarceration. *See id.* at 14-15. Otey contended he had months to consider the original plea offer, but only 5 minutes to consider the new offer of 6 to 12 years' incarceration. *See id.* at 15-16. Otey stated he was confused about his rights, and did not feel that he fully understood these rights based on his conversations with plea

counsel, as he only spoke with counsel for about 5 minutes about the new plea offer. *See id.* at 16.

Despite the above testimony, Otey also admitted that he consulted with his counsel and made the independent decision to enter an open guilty plea. *See id.* at 28. Otey confirmed he responded as follows on the written plea form: "no" to being forced or threatened to enter the plea; "yes" to understanding the court was not bound by any plea bargain; "yes" to discussing the permissible range of sentences that could be imposed; "yes" to being satisfied with his attorney's representation; and "yes" to having ample time to consult with his attorney before the plea. *Id.* at 29-33.

Following the hearing, the PCRA court denied the petition. This timely appeal followed.

On appeal, Otey contends the PCRA court erred when it found plea counsel was not ineffective for (A) counseling Otey to reject a negotiated plea offer and proceed with an open plea, (B) failing to advise Otey that a material statement in his allocution would support an enhancement or aggravation of his sentence, and (C) failing to advise Otey of the procedure and time requirements for post-sentence motions.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the

factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016).

"A plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted). Here, Otey failed to raise a challenge to his guilty plea at any time before the trial court. Otey did not move to withdraw his plea either. He also did not raise a claim challenging his plea on direct appeal. Therefore, any challenge to his guilty plea is undoubtedly waived. *See* 42 Pa.C.S.A. § 9544(b).

Seemingly recognizing this, Otey phrases his first challenge as a claim that plea counsel was ineffective for improperly inducing his plea. Specifically, Otey claims plea counsel "counsel[ed] him to reject a plea offer and proceed with an open plea." *See* Appellant's Brief, at 10. Accordingly, Otey claims his plea was not voluntarily, knowingly and intelligently entered as a result of ineffective assistance of counsel.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See id***. at 1163. Where, as here, the appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Rathfon***, 899 A.2d at 370 (citation omitted).

In assessing the voluntariness of a guilty plea, we note "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

We conclude Otey's argument for this contention is no more than undeveloped assertions. Otey concedes that the PCRA court was correct in concluding he "was aware that the [c]ourt would determine his sentence," but boldly asserts that plea counsel "failed to advise him that it was *reasonably certain* that the court would impose a more severe sentence after he rejected the plea offer." Appellant's Brief, at 15 (emphasis added). We can find no support for this accusation anywhere in the record. We have no way of knowing what the plea court was thinking before or during the plea hearing. A sentencing court always has a range of sentencing options in front of it, as the court here specifically told Otey. ***See*** N.T., Sentencing Hearing, 9/9/22, at 8. While an aggravated range sentence, or above aggravated range

sentence, is certainly possible, it is not "reasonably certain," as the court must weigh certain factors in arriving at its decision.

We also find Otey's argument confusing as far as he claims he would have rejected the open plea offer and accepted a bargained plea offer. **See** Appellant's Brief, at 16. Our review of the record shows it was made clear at the plea hearing that the Commonwealth rescinded an originally offered plea bargain. **See** N.T., Open Plea Proceeding, 4/20/22, at 2-3. Accordingly, the plea bargain was not on the table for Otey to accept. While the Commonwealth originally offered 4 to 8 years' incarceration for IDSI, the Commonwealth rescinded that offer after speaking with the victim's family, who preferred to accept an open plea instead. **See id.** This matter was fully explained at the plea hearing, which Otey participated in by video. His contention is therefore fully belied by the record.

Here, the PCRA court found that Otey's open plea was entered knowingly, intelligently, and voluntarily based on the totality of the circumstances, including the oral and written plea colloquies. **See** Trial Court Opinion, 4/11/25, at 6. We agree. Considering the totality of the circumstances, the record reflects that Otey voluntarily, knowingly, and intelligently tendered his guilty plea. **See Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea).

Importantly, Otey also made it clear that he would not have considered withdrawing his plea because he had decided on his own that he was not going to trial, and was going to plead one way or another. **See** N.T., PCRA Hearing, 12/13/24, at 39. As Otey fully concedes he was going to enter a plea no matter what and would not have gone to trial, he is unable to prove he suffered any prejudice from counsel's advice regarding entering the plea. **Rathfon**, 899 A.2d at 370. Accordingly, Otey has failed to prove the arguable merit and prejudice necessary for such a claim.

Next, Otey argues his plea counsel was ineffective for failing to advise him that a material statement in his allocution would support an enhancement or aggravation of his sentence. Specifically, Otey contends the court predicated the enhanced sentence on Otey's statement during sentencing that "I never once pressured, coerced, or manipulated, or used any types of threats on the young lady to lead it to where it had progressed. I just didn't stop it." **See** N.T., Sentencing Hearing, 9/9/22, at 32. In explaining its reasons for deviating from the sentencing guidelines, the court included that "[t]he deviation from the sentencing guidelines is based on Defendant's statement in which he … placed blame on the minor victim." Statement Regarding Deviation, 1/31/23, at 1. We discern no abuse of discretion, and this argument lacks merit.

Next, Otey argues that plea counsel did not advise him of his right to allocution or the process involved with allocution, and did not review his

allocution statement before the sentencing hearing. **See** Appellant's Brief, at 18 (arguing Otey had "reasonable expectations" that his attorney would review the statement).

The Pennsylvania Rules of Criminal Procedure require that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf[.]" Pa.R.Crim.P. 704(C)(1). Our Supreme Court has held it is the sentencing court's obligation to inform the defendant of her right to speak prior to sentencing. **See Commonwealth v. Thomas**, 553 A.2d 918, 919 (Pa. 1989).

Conversely, Otey does not provide us with any support for his contention that it is counsel's duty to inform a defendant of his right to allocution. While Otey attempts to pin this responsibility on plea counsel, our review of our case law and rules of criminal procedure places this responsibility on the sentencing court. Notably, the court here explicitly informed Otey of his right to speak on his own behalf. **See** N.T., Sentencing Hearing, 9/9/24, at 29. Accordingly, we find this issue without merit.

Finally, Otey argues his plea counsel was ineffective for failing to advise Otey of the procedure and time requirements for post-sentence motions.

We note that while it is true plea counsel failed to file any post-sentence motions on Otey's behalf, Otey's original sentence was thereafter vacated and remanded for resentencing. On January 31, 2023, Otey was resentenced while represented by current appellate counsel. During the resentencing hearing,

Otey was properly informed of his post-sentence and appellate rights by the court. *See* N.T., Resentencing Hearing, 1/31/23, at 8-9. Nevertheless, Otey still failed to file any post-sentence motions. Nor has he filed any motion to file a post-sentence motion *nunc pro tunc* at any point. Accordingly, we can not find Otey has proved prejudice from plea counsel's failure to file a post-sentence motion, or arguably fail to properly inform Otey of his post-sentence rights.

As none of Otey's issues warrant relief, we affirm the PCRA court's order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/23/2025